IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE WILLIAMS, JR., #240546, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 2:16-CV-758-WKW |
| | ) |
| LT. HUDSON, | ) |
| | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Eddie Williams, Jr. ("Williams"), an indigent state inmate. In the complaint, Williams challenges a use of force that allegedly occurred at Kilby Correctional Facility on or about April 1, 2016 upon his return from a mental-health appointment.[1] Doc. 1 at 3. Williams names Lt. Hudson as the sole defendant in this cause of action. Williams seeks injunctive relief and monetary damages from the defendant. Doc. 1 at 4.

The defendant filed a special report and relevant evidentiary materials in support of his report, including an affidavit, prison records, and medical records addressing the claim presented by Williams. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Williams. Specifically, Lt. Hudson maintains that he did not take any action against Williams on April 1, 2016 because "inmate Williams was

---

[1] The medical records establish that Williams suffers from schizophrenia with antisocial traits for which he receives medication. Doc. 9-3 at 4–18.

1

assigned to Bullock Correctional Facility" on this date and did not arrive at Kilby Correctional Facility until April 8, 2016. Doc. 9-1 at 1.  Hudson further states that "[a]t no time did I assault the Plaintiff by grabbing him by his clothes, making threats, and shaking him while he was handcuffed." Doc. 9-1 at 2.  In addition, Williams' medical records contain no sick-call request, nor do they indicate any contact with medical personnel regarding an alleged use of force by Lt. Hudson in April of 2016. *See* Doc. 9-3.

In light of the foregoing, the court issued an order directing Williams to file a response to the defendant's written report. Doc. 10.  The order advised Williams that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 10 at 1 (emphasis in original).  Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 10 at 1 (emphasis in original).  The time allotted Williams for filing a response in compliance with the directives of this order expired on November 15, 2016.  Williams has filed no response in opposition to the defendant's written report.  The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate.  After this review, the court concludes that dismissal of this case is the proper course of action at this time.  Specifically, Williams is an indigent individual.

Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, the inaction of Williams in the face of the defendants' evidence, which indicates Williams provided inaccurate information in the complaint regarding the date of the alleged incident, suggests a loss of interest in the continued prosecution of this case.  Finally, the evidentiary materials submitted by the defendant, which are at this point undisputed by the plaintiff, demonstrate that the incident, as described in the complaint, did not occur.  It therefore appears that any additional effort by this court to secure Williams' compliance or to proceed with this litigation would be unavailing and a waste of scarce judicial resources.  Consequently, the court concludes that Williams' abandonment of his claims and his failure to comply with an order of this court warrant dismissal.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned); *see also Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

For these reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further ORDERED that on or before **March 20, 2017** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings

and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 6th day of March, 2017.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE